# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DEMETRUS BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: 3:23-CV-2634-S |
| | § | |
| PEDRO ARIAS, DANNY WOOD TRUCKING, LLC, and RW TIMMS LEASING LLC, | § | |
| | § | |
| Defendants. | § | |

# DEFENDANTS' PROPOSED JURY CHARGE

Defendants, Pedro Arias, Danny Wood Trucking, LLC, and RW Timms Leasing LLC, respectfully request that each of the instructions and questions set forth in the attached Charge of the Court be submitted to the jury after the close of evidence.

Respectfully Submitted,

**THE BASSETT FIRM**

*/s/ Mike H. Bassett*

---

**MIKE H. BASSETT**
SBN: 01890500
**SADIE A. HORNER**
SBN: 24083201
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
e-Service: efile@thebassettfirm.com
e-mail: mike@thebassettfirm.com
           shorner@thebassettfirm.com

**ATTORNEYS FOR DEFENDANTS,
PEDRO ARIAS, DANNY WOOD TRUCKING,
LLC, AND RW TIMMS LEASING, LLC**

# CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record on this 7th day of April, 2025, pursuant to the Federal Rules of Civil Procedure:

<u>Via CM-ECF</u>
Mr. Brennan Clay
10440 North Central Expressway
Suite 400
Dallas, Texas 75231
Brennan.clay@witheritelaw.com

*/s/ Mike H. Bassett*

---

**MIKE H. BASSETT**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DEMETRUS BROWN | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO: 3:23-CV-2634-S |
| PEDRO ARIAS, DANNY WOOD TRUCKING, LLC, and RW TIMMS LEASING LLC, | § § § § § | |
| Defendants. | § | |

# CHARGE OF THE COURT

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

Unless you are instructed otherwise, Plaintiff Demetrus Brown has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. Unless you are instructed otherwise, if you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then he may not recover on that claim.[3]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.[4]

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[5]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.[6]

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.[7]

---

[1] FPJC 3.1

[2] FPJC 2.16

[3] FPJC 3.2

[4] FPJC 3.3

[5] Id.

[6] FPJC 3.4

[7] Id.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[8]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[9]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[10]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.[11]

Alternate 1:    Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.[12]

Alternate 2:    Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.[13]

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror

---

[8] Id.

[9] FPJC 3.5

[10] FPJC 3.6

[11] FPJC 3.7

[12] Id.

[13] Id.

to guide you in your deliberations and to speak for you here in the courtroom.[14]

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.[15]

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.[16]

You may now proceed to the jury room to begin your deliberations.[17]

---

[14] Id.

[15] Id.

[16] Id.

[17] Id.

## **QUESTION NO. 1:**

Did the negligence, if any, of those named below proximately cause the injury in question?[18]

"Negligence," means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.[19]

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.[20]

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.[21]

Answer "Yes" or "No" for each of the following:

    a. Demetrus Brown       _____

    b. Pedro Arias          _____

---

[18] TPJC 4.1

[19] TPJC 2.1

[20] TPJC 2.1

[21] TPJC 2.4

## **QUESTION NO. 2**

If you answered "Yes" to **Question No. 1**, for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.[22]

Assign percentages of responsibility only to those you found caused or contributed to cause the injury. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to anyone need not be the same percentage attributed to that one in answering another question.[23]

For each person you found caused or contributed to cause the injury, find the percentage of responsibility attributable to each:

a. Demetrus Brown    _____ %

b. Pedro Arias       _____ %

   **Total**           **100**   %

---

[22] TPJC 4.3

[23] Id.

# **QUESTION NO. 3**

Answer **Question No. 3** if you answered "Yes" for Pedro Arias to Question No. 1 and answered:

1. "No" for Demetrus Brown to **Question No. 1**, or

2. 50 percent or less for Demetrus Brown to **Question No. 2**.

Otherwise do not answer the following question.[24]

You are instructed that any monetary recovery for loss of earnings or loss of earning capacity is subject to federal income taxes. Any recovery for medical expenses, physical pain, mental anguish, physical impairment, and disfigurement is not subject to federal income taxes.[25]

What sum of money, if paid now in cash, would fairly and reasonably compensate Demetrus Brown for his injuries in question?[26]

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.[27]

Do not include any amount for any condition that did not result from the occurrence in question.[28]

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts in your answers because of the negligence, if any, of Demetrus Brown. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.[29]

1. Physical pain sustained in the past.

   Answer: _____

---

[24] TPJC 28.1

[25] TPJC 28.2; Tex. Civ. Prac. & Rem. Code § 18.091(b).

[26] TPJC 28.3

[27] Id.

[28] TPJC 28.8A

[29] TPJC 28.3

2. Physical pain that, in reasonable probability, Demetrus Brown will sustain in the future.

   Answer: _____

3. Mental anguish sustained in the past.

   Answer: _____

4. Mental anguish that, in reasonable probability, Demetrus Brown will sustain in the future.

   Answer: _____

5. Loss of earning capacity sustained in the past.

   Answer: _____

6. Loss of earning capacity that, in reasonable probability, Demetrus Brown will sustain in the future.

   Answer: _____

7. Physical impairment sustained in the past.

   Answer: _____

8. Physical impairment that, in reasonable probability, Demetrus Brown will sustain in the future.

   Answer: _____

9. Reasonable expenses of necessary medical care incurred in the past.

   Answer: _____

10. Reasonable expenses of necessary medical care that, in reasonable probability, Demetrus Brown will incur in the future.

    Answer: _____